```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF MISSOURI
                       EASTERN DIVISION


CARLOS PERRY,                    )
                                 )
           Plaintiff,            )
                                 )
      v.                         )    No. 4:07CV26(AGF)
                                 )
CITY JUSTICE CENTER, et al.,     )
                                 )
           Defendants.           )
```

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Carlos Perry (registration no. 38379), a prisoner at the St. Louis City Justice Center (SLCJC), for leave to commence this action without payment of the required filing fee [Doc. #2].

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court will assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner will be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court

each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six month period immediately preceding the submission of his complaint. See 28 U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $32.50, and an average monthly account balance of $25.70. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $6.50, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B),

the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks damages pursuant 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Named as defendants are the City Justice Center, Unknown Whiteside (Correctional Officer), Gene Stubblefield, Unknown Smith (Caseworker), and the Division of Corrections.

**Discussion**

Plaintiff's claims against defendants Whiteside and Stubblefield regarding the failure to prevent or intervene in an inmate attack against him survive review under § 1915(e)(2)(B) and should not be dismissed as this time. See 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(g)(2). Therefore, the Court will order that defendants Whiteside and Stubblefield reply to these claims.

Plaintiff's claims against defendant Smith, however, should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's only allegation concerning Smith, a caseworker, is that he informed Smith that he wanted to press charges against the inmate who attacked him. According to the complaint, Smith's response was that plaintiff "should leave it alone . . . [b]ecause [plaintiff] could be tampering with a witness if he didn't." Even

3

liberally construed, this allegation does not rise to the level of a violation of plaintiff's federally protected rights.

Plaintiff's claims against the City Justice Center and the Division of Corrections should also be dismissed. The City Justice Center, which is a facility, is not a suable entity. See Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993); cf. Catlett v. Jefferson County, 299 F. Supp. 967, 968-69 (E.D. Mo. 2004) (subdivision of local government entity that lacks capacity to be sued under applicable state law may not be sued in federal court under § 1983). Furthermore, the Division of Corrections is a subdivision of the City of St. Louis's Department of Public Safety. Plaintiff has not alleged that unlawful actions were taken pursuant to City of St. Louis's, the Department of Public Safety's, or the Division's policies or customs. See Monell v. Dep't of Social Services, 436 U.S. 658, 691 (1978).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $6.50 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prisoner registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the

initial partial filing fee within thirty (30) days, without good cause shown, the Court will dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Unknown Smith, City Justice Center, and Division of Corrections because the claims against these defendants are legally frivolous or fail to state a claim upon which relief may be granted or both. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Whiteside and Stubblefield.

**IT IS FURTHER ORDERED** that pursuant to 42 U.S.C. § 1997e(g)(2), defendants Whiteside and Stubblefield shall reply to the complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, pursuant to this Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

An appropriate order shall accompany this order and memorandum.

Dated this __7th__ day of May, 2007.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE